Ginger G. Mooney, OSB No. 031261
Ginger G. Mooney, LLC
1017 May Street, Suite 200
Hood River, Oregon 97031
T: (541) 716-5650
F: (503) 389-1585
contact@mooneylaw.org
Attorney for Plaintiff June Doe

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

|  |  |
|---|---|
| **JUNE DOE,** | USDC Case No. 3:24-cv-2011-AB |
| Plaintiff, | **PLAINTIFF'S RESPONSE TO DEFENDANT LEVI GRAY'S MOTION TO DISMISS** |
| **v.** | |

**MIKE REESE**, Director Oregon Department of
Corrections (ODOC); **COLETTE PETERS,** former
Director Oregon Department of Corrections (ODOC),
**BRIAN BELLEQUE**, ODOC Deputy Director
(former); **HEIDI STEWARD**, ODOC Deputy
Director; **MICHAEL GOWER,** ODOC Assistant
Director of Operations (former); **ROB PERSSON,**
ODOC Assistant Director of Operations, ODOC
Westside Institutions Administrator (former),
Superintendent Coffee Creek Correctional Facility
(CCCF) (former); **PAULA MYERS**, Superintendent
Coffee Creek Correctional Facility (CCCF**)** (former);
**ERICKA SAGE**, ODOC PREA Administrator; **LEVI
D. GRAY**, Corrections Officer at CCCF (former);
**KELLEE MOORE,** ODOC Behavioral Health
Counselor, **JOHN/JANE DOE**, ODOC Behavioral
Health Counselors and other employees; **OREGON
DEPARTMENT OF CORRECTIONS** and the
**STATE OF OREGON**, each sued in their individual
and official capacities,

      Defendants.

Ginger G. Mooney, OSB No. 031261
1017 May Street, Suite 200, Hood River, OR 97031
Telephone (541) 716-5650 ● Facsimile (503) 389-1585
contact@mooneylaw.org

# INTRODUCTION

Defendant Levi Gray filed a Motion to Dismiss on August 11, 2025, seeking to dismiss Plaintiff's First, Second, and Sixth Claims for Relief against Gray on the grounds of failure to state a claim. (ECF No. 26.) Defendant Gray argues that Plaintiff's First, Second, and Sixth Claims for Relief should be dismissed because "Plaintiff's own allegations demonstrate that her claims are time-barred." (ECF No. 26 at pgs. 1, 4-11.) Gray also argues that Plaintiff's First Claim for Relief, an Eighth Amendment Section 1983 claim, is barred by qualified immunity. (ECF No. 26 at pgs. 12-13.) Defendant Gray's arguments for dismissal are without merit, and the Court should therefore deny the Motion to Dismiss.

# BACKGROUND

Plaintiff filed her Complaint herein on December 3, 2024. (ECF No. 1.) Defendant Gray waived service of summons on June 10, 2025. (ECF No. 21.) On August 11, 2025, Gray filed a Motion to Dismiss, asserting that Plaintiff's claims as pled are time-barred and that Petitioner's First Claim for Relief is also barred by qualified immunity. (ECF No. 26.)

Plaintiff's First and Second Claims for Relief, Section 1983 claims, are brought against Defendant Gray in his individual capacity. (ECF No. 1 at pgs. 23-28.) Plaintiff's Sixth Claim for Relief, a state law intentional infliction of emotional distress claim, is brought against all Defendants, including Gray, and the State of Oregon.[1] (ECF No. 1 at pgs. 37-39.) Plaintiff's First Claim for Relief asserts an Eighth Amendment violation for Gray sexually abusing and sexually harassing Plaintiff. (ECF No. 1 at pgs. 23-26.) Plaintiff's Second Claim for Relief asserts a Fourteenth Amendment violation for Gray violating Plaintiff's right to bodily privacy. (ECF No.

---

[1] Plaintiff erroneously included Defendant Gray in her Third, Fourth, and Fifth Claims for Relief, and asks the Court to dismiss Gray from those claims.

Ginger G. Mooney, OSB No. 031261
1017 May Street, Suite 200, Hood River, OR 97031
Telephone (541) 716-5650 ● Facsimile (503) 389-1585
contact@mooneylaw.org

1 at pgs. 26-28.) Plaintiff's Sixth Claim for Relief asserts a state law tort claim for Gray intentionally inflicting emotional distress on Plaintiff. (ECF No. 1 at pgs. 37-39.)

As relevant to the issues Defendant Gray raises in his Motion to Dismiss, Plaintiff has pled facts and assertions including:

- Plaintiff was unable to file this complaint within five years of the sexual abuse described herein in accordance with ORS 12.118 because she did not discover the causal connection between the sexual abuse and her injuries until March of 202[4]. At the time of the incident, Plaintiff did not understand that Sgt. Gray's behavior was sexual abuse. She was convinced she was the one who had done something wrong by "compromising an officer," and feared that she would get in trouble if she made a report. Plaintiff maintains the statute of limitations was tolled until the time she learned in March of 202[4] that what she had experienced was sexual abuse and that she would not be held to blame or punished for Sgt. Gray's actions. (ECF No. 1 at ¶ 20.)

- Throughout her incarceration, June Doe struggled with and has been treated for severe anxiety. (ECF No. 1 at ¶ 51.)

- On April 12, 2018, June Doe was seen by Kellee Moore at Behavioral Health Services (BHS) because she was found sitting on her bed rocking back and forth and crying. BHS found June Doe to be tearful and to have shallow breathing. She reported having a hard time being in close supervision due to not being able to "see the clock or hear/talk to other people." She also reported that the slamming shut of her cell door was bringing up traumatic memories for her. (ECF No. 1 at ¶ 53.)

- Upon information and belief, on Saturday, April 28, [2018,] Sgt. Levi Gray was on duty in the unit where June Doe, was housed. June Doe told him about her severe anxiety, and again expressed the desire to be moved. Sgt. Gray looked her up and down pointedly and asked her what she would do for him if he agreed to move her. Confused, June Doe asked Sgt. Gray what he wanted. Sgt. Gray told June Doe to wait and left for a moment, saying something about the camera in her cell. Upon information and belief, Sgt. Gray was checking whether a staff member was present in the surveillance room. When Sgt. Gray returned, he called June Doe to the window and instructed her to expose her genitals to him and masturbate in front of

Ginger G. Mooney, OSB No. 031261
1017 May Street, Suite 200, Hood River, OR 97031
Telephone (541) 716-5650 ● Facsimile (503) 389-1585
contact@mooneylaw.org

him. At first, June Doe asked, "Are you serious?" Sgt. Gray responded, "Do you want to move?" Desperate to be out of the close supervision cell, June Doe removed her pants and did as he asked. Afterwards, Sgt. Gray said, "Nice," winked at her, and told her he would see what he could do about moving her. (ECF No. 1 at ¶¶ 55-56.)

- Some time later, Sgt Gray came to June Doe' cell window and raised his eyebrows at her suggestively, then stood waiting with a smile on his face. June Doe understood this to be a demand for a repeat of the previous incident. She removed her clothes and masturbated in front of him again. Sgt. Gray mouthed to her that she was "sexy," and after a minute said loudly, "Okay, I'll look into that. I gotta finish my check." He then winked at her and walked away. A similar incident occurred at least one more time. (ECF No. 1 at ¶ 58.)

- On May 8, 2018, June Doe reported to Behavioral Health Services that she had felt suicidal while in segregation. She also reported that she had been spending a great deal of time isolating and crying. Around June of 2018, June Doe began complaining of severe GI pain, which never went away. On October 27, 2020, June Doe reported to her doctor that she had "near constant abdominal pain" which had been an issue for some time. Again, on April 9, 2023, she reported that she had experienced acute digestive pain that had lasted for five years. (ECF No. 1 at ¶ 59.)

- Sgt. Gray groomed June Doe to believe that what he subjected her to was her fault and that she would get in trouble if she reported it. She was afraid that if anyone found out about what Sgt. Gray asked her to do, she would be held responsible, she would be punished, and her sentence would be increased. June Doe witnessed an environment of retaliation by CCCF/ODOC staff against AICs who report such incidents, which would have prevented her from speaking out even if she had understood her experiences as abuse before 2024. This included witnessing other female AICs transferred to out of state facilities after reporting sexual assault incidents against employees (ECF No. 1 at ¶ 60.)

- It was only in March of 2024 that June Doe came to understand that she was a victim, after she revealed to her boyfriend Marc during a phone call, that she had been asked to masturbate in front of a correctional officer. Marc told her that this was abuse and that she should report it. June Doe argued with him at first, saying that she could not report the correctional officer because she participated in what happened, but after considering it, she decided to speak to BHS. (ECF No. 1 at ¶ 61.)

Ginger G. Mooney, OSB No. 031261
1017 May Street, Suite 200, Hood River, OR 97031
Telephone (541) 716-5650 ● Facsimile (503) 389-1585
contact@mooneylaw.org

- According to June Doe, she realized for the first time, in processing the incident with BHS staff, that she had been a victim of abuse and was not to blame for the incidents with Defendant Gray. After reporting these incidents to PREA Officer Gonzalez, June Doe was provided with information that gave her a new understanding of what rape and sexual assault was, particularly in the context of correctional confinement. BHS counselor Kelly further explained to her, and June Doe understood, that she was, in fact, a victim of Defendant Gray. (ECF No. 1 at ¶ 62.)

- Defendant Gray sexually abused and harassed Plaintiff, causing Plaintiff significant mental distress. This abuse included forcing Plaintiff to unclothe and masturbate in front of him for the sole purpose of his personal pleasure. The first time this occurred was in April of 2018. Plaintiff was experiencing severe emotional distress because of being housed in a close supervision cell. Sgt. Gray used Plaintiff's desperate desire to be moved as a bargaining chip, forcing her to perform sexual acts in front of him in order to gain relief from her anxiety. In the months following, Sgt. Gray used his authority as a CO to demand that Plaintiff unclothe and masturbate in front of him at least two more times. (ECF No. 1 at ¶ 72(1)-(2).)

- As a result of the violations of the constitutional standards set forth herein, Plaintiff suffered severe emotional trauma from ongoing abuse, an ongoing fear of continued harassment, humiliation, and a significant deterioration in her mental and emotional state. The acts and omission of Defendant Gray, taken under color of law, constituted deliberate indifference, and violated Plaintiff's right under the Eighth Amendment to the United States Constitution. (ECF No. 1 at ¶ 76); (*see also* ECF No. 1 at ¶¶ 84.)

- The sexual abuse and harassment that Defendant Gray subjected Plaintiff to was certain to result in severe mental and emotional distress. (ECF No. 1 at ¶ 119.)

- As a consequence of Defendant Gray's sexual abuse and harassment, Plaintiff did in fact suffer severe emotional distress, including fear, humiliation, trauma, increased anxiety, exacerbated mental health symptoms, and an increase in painful, chronic psychosomatic GI symptoms. (ECF No. 1 at ¶ 120.)

- The acts of Defendant Gray fell well outside the boundaries of socially tolerable conduct. Defendant Gray used his position of authority to coerce a powerless, vulnerable person into performing sexual acts in front of him for his pleasure. He did this when Plaintiff

Ginger G. Mooney, OSB No. 031261
1017 May Street, Suite 200, Hood River, OR 97031
Telephone (541) 716-5650 ● Facsimile (503) 389-1585
contact@mooneylaw.org

was in the midst of a severe mental health crisis and in need of immediate help. He conditioned his assistance on her willingness to perform sexual acts in front of him. He did all of this while charged with Plaintiff's care and safety. (ECF No. 1 at ¶ 122.)

## LEGAL STANDARDS

Where the plaintiff "fail[s] to state a claim upon which relief can be granted[,]" the court must dismiss the action. Fed R Civ P 12(b)(6). To survive a motion to dismiss under FRCP 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl Corp v. Twombly*, 550 US 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the Court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 US 662, 678 (2009).

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the plaintiff. *Lund v. Cowan*, 5 F4th 964, 968 (9th Cir 2021). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *LA Lakers, Inc v. Fed Ins Co*, 869 F3d 795, 800 (9th Cir 2017). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft*, 556 US at 678-79. Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Bacca*, 652 F3d 1202, 1216 (9th Cir 2011).

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F3d 954, 969 (9th Cir 2010); *see also Jones v. Bock*, 549 US 199, 215 (2007) ("If the [complaint's] allegations ... show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal

Ginger G. Mooney, OSB No. 031261
1017 May Street, Suite 200, Hood River, OR 97031
Telephone (541) 716-5650 ● Facsimile (503) 389-1585
contact@mooneylaw.org

for failure to state a claim[.]"). If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F3d 494, 497 (9th Cir 1995).

## ARGUMENT

I.  **Plaintiff has adequately pled that her First and Second Claims for Relief are not time-barred.**

Defendant Gray argues that Plaintiff's First and Second Claims for Relief must be dismissed because as pled they are time-barred by the applicable statute of limitations. (ECF No. 26 at pgs. 1, 4-6.) However, Gray's arguments rely on misconstruing, misrepresenting, and ignoring Plaintiff's allegations, and Plaintiff has sufficiently pled that her First and Second claims are not time-barred.

The statute of limitations for actions brought pursuant to 42 U.S.C. §§ 1983 and 1985 is determined by the forum state's statute of limitations for personal injury actions. *Carpinteria Valley Farms, Ltd v. County of Santa Barbara*, 344 F3d 822, 828 (9th Cir 2003). Oregon has a two-year statute of limitations for personal injury actions, including assault and battery. *Bonneau v. Centennial Sch. Dist. No. 28J,* 666 F3d 577, 579 (9th Cir 2012); ORS § 12.110(1).

Even though state law determines the applicable statute of limitations for § 1983 actions, federal law determines when a plaintiff's § 1983 cause of action accrues. *Wallace v. Kato*, 549 US 384, 388 (2007). A § 1983 claim accrues, "when the plaintiff knew or in the exercise of reasonable diligence should have known of the injury and the cause of that injury." *Lukovsky v. City & Cty of San Francisco*, 535 F3d 1044, 1050 (9th Cir 2008). Nevertheless, when a plaintiff has a "complete and present cause of action" is "not always so simple" to determine. *McDonough v. Smith*, 139 S Ct 2149, 2155 (2019) (quotation omitted).

Ginger G. Mooney, OSB No. 031261
1017 May Street, Suite 200, Hood River, OR 97031
Telephone (541) 716-5650 ● Facsimile (503) 389-1585
contact@mooneylaw.org

Delayed discovery of federal claims can be reasonable under certain circumstances. *See Wallace*, 549 US at 391; *United States v. Kubrick*, 444 US 111 (1979). That a plaintiff has been injured "may be unknown or unknowable until the injury manifests itself." *Kubrick*, 444 US at 122. However, the "full extent of the injury" does not need to be known for the claim to accrue. *Wallace*, 549 U.S. at 391 (citation omitted); *see also Soliman v. Philip Morris Inc.*, 311 F3d 966, 972 (9th Cir 2002) (claim accrues when plaintiff first becomes aware that defendant's conduct caused injury).

Awareness of an injury caused by abusive conduct generally occurs when the conduct is first identified as abusive. In *Doe v. Cty of Josephine*, the plaintiffs brought § 1983 and state law claims in 2012 and 2013 relating to sexual abuse by a county juvenile probation officer that occurred in the 1980s and 1990s. No. 1:12-CV-2080-CL, 2015 WL 2412181, at *1 (D Or May 18, 2015), *aff'd sub nom. Doe, 7 v. Josephine Cty*, 697 F App'x 567 (9th Cir 2017). The Court granted summary judgment on the § 1983 claims, finding they were barred by the statute of limitations. *Id.* at *2. The Court explained "that the statute of limitations began to run when they knew or in the exercise of due diligence should have known of some injury caused by the abuse and the causal connection between the County's conduct and their injuries." *Id.* at 7 (quotation omitted). The Court's reasoning noted that the plaintiffs were always aware that the probation officer's conduct was abusive, and "this is not a case where the plaintiffs had 'no idea' that they had been harmed at the time of the abuse." *Id.* at *6 n.5 (quotation and citations omitted).

Similarly, in *Wilson v. Oregon*, the plaintiff raised § 1983 and state law claims relating to a July 2017 sexual assault at CCCF. No. 3:20-CV-2078-SI, 2021 WL 3779630, at *1 (D Or Aug. 25, 2021). The plaintiff had filed a prison grievance form on June 4, 2018 detailing her sexual

Ginger G. Mooney, OSB No. 031261
1017 May Street, Suite 200, Hood River, OR 97031
Telephone (541) 716-5650 ● Facsimile (503) 389-1585
contact@mooneylaw.org

assault, her immediate response of shoving the assailant away and feeling "sick, shakened [*sic*], scared, feared [*sic*]," that she felt unsafe and "haunted, " that she did not report the incident earlier because she was afraid of retaliation, that she believed her assailant had assaulted other inmates, and that she believed other state employees were liable for failing to investigate her assailant before hiring him. *Id.* at *1, 4. The plaintiff filed a formal tort claim notice on June 12, 2018, which stated that a claim "for damages . . . will be asserted against the State." *Id.* at *2, 4. However, the plaintiff did not file her complaint until December 1, 2020. *Id.* at *2.

The Court granted summary judgment on statute of limitations grounds. *Id.* at *5. The Court concluded that the plaintiff knew or should have known of her claim at least by June 12, 2018, when she filed her tort claim notice, and that the limitations period thus expired on June 12, 2020. *Id.*[2] The court reasoned that the plaintiff's description of her reaction to the assault in her grievance and tort claim notice demonstrated that she was aware of her injury by at least that time. *Id.* at *4. The court also explained that the plaintiff did not need to know the full extent of her psychological harm for the purposes of the discovery rule. *Id.* The grievance and notice also indicated that the plaintiff was "aware of causation" because she identified her assailant and noted potential liability of the state employees her who had hired her assailant. *Id.*

Herein, Defendant Gray argues that Plaintiff's causes of action "accrued at the time of the alleged misconduct," because "Plaintiff clearly knew the alleged incident was wrong because she considered reporting it at the time," "made the decision not to report the incident out of fear she might somehow get in trouble for doing so," and "knew that she was suffering mental and physical

---

[2] The Court later granted a Motion for Reconsideration and denied summary judgment, as it was informed that Oregon had tolled the relevant statutes of limitations due to the COVID-19 pandemic beginning on March 30, 2020. Order, *Wilson v. Oregon*, No. 3:20-CV-2078-SI (D. Or. Sept. 29, 2021)

Ginger G. Mooney, OSB No. 031261
1017 May Street, Suite 200, Hood River, OR 97031
Telephone (541) 716-5650 ● Facsimile (503) 389-1585
contact@mooneylaw.org

harm immediately following the alleged incidents." (ECF No. 26 at pg. 5.) However, Gray misconstrues and misrepresents Plaintiff's allegations by omitting pled language and taking assertions out of context.

Defendant Gray first misrepresents Plaintiff's assertions in ¶ 20 by omitting significant portions of the assertion, quoting only: "At the time of [April 2018] incident, Plaintiff . . . feared that she would get in trouble if she made a report [against Gray]." (ECF No. 26 at pg. 2.) Gray then relies on the misconstrued ¶ 20 for the premise that "Plaintiff clearly knew the alleged incident was wrong because she considered reporting it at the time," but "[s]he made the decision not to report the incident out of fear she might somehow get in trouble for doing so." (ECF No. 26 at pg. 5.) However, Gray completely omits and ignores the assertions in-between that "Plaintiff did not understand that Sgt. Gray's behavior was sexual abuse" and "[s]he was convinced she was the one who had done something wrong by 'compromising an officer.'" (ECF No. 1 at pg. ¶ 20.)

The assertions that Defendant Gray omits plead clearly that Plaintiff did not understand Gray's actions constituted abuse and that Plaintiff had in fact thought she had been the one to do something wrong by "compromising an officer." Thus, contrary to Gray's characterization, Plaintiff did not consider reporting Gray for abuse at the time of the alleged incident because she did not understand it to be abuse. Plaintiff only knew the alleged incident was wrong in the sense that she believed she had been the one to do something wrong. Plaintiff reasonably did not report an inmate-staff interaction that she believed she was responsible for and that would only get her blamed and in trouble.

Defendant Gray also misrepresents Plaintiff's assertions in ¶¶ 59 and 76, relying on them to argue that "Plaintiff recognized in 2018 that she was suffering mental distress from Gray asking

Ginger G. Mooney, OSB No. 031261
1017 May Street, Suite 200, Hood River, OR 97031
Telephone (541) 716-5650 ● Facsimile (503) 389-1585
contact@mooneylaw.org

her to commit unwanted sexual acts." (ECF No. 26 at pgs. 2-3, 5.) Contrary to Gray's characterization, ¶ 59 does not assert that Plaintiff connected her suicidal ideations or abdominal pain to Gray's abuse, only that she had reported experiencing suicidal ideations and abdominal pain to ODOC staff during the time period after Gray's abuse. (ECF No. 1 at pg. ¶ 59.) Plaintiff's other assertions further demonstrate that not attributing her distress to Gray's abuse at the time was reasonable, as Plaintiff has been treated for severe anxiety throughout her incarceration and had experienced severe emotional distress during the same time period due to being in segregated housing. (ECF No. 1 at pg. ¶¶ 51-54.) Similarly, ¶ 76 makes no assertions regarding Plaintiff discovering how Gray's abuse had caused her mental and physical harm. (ECF No. 1 at pg. ¶ 76.) Instead, Plaintiff's references to "ongoing abuse" and "fear of continued harassment" in ¶ 76 merely use the terms Plaintiff now understands that Gray's actions constituted. (ECF No. 1 at pg. ¶ 76.)

Defendant Gray also argues that Plaintiff's ignorance of her legal rights does not excuse the statute of limitations, because she "could have just as easily learned the same information in 2018 by consulting with BHS staff, doctors, counselors, or lawyers at the time." (ECF No. 26 at pg. 6.) Gray ignores the effects of Plaintiff's belief that "she was the one who had done something wrong by 'compromising an officer'" and fear that she would get in trouble if she reported or ODOC otherwise learned of the sexual incident between her and Gray. (ECF No. 1 at pg. ¶ 20.) Gray also ignores Plaintiff's other pled facts that demonstrate how her belief that she was at fault was reasonable in light of how she witnessed CCCF/ODOC staff respond to similar inmate-staff incidents. (ECF No. 1 at pg. ¶ 60.) Thus, contrary to Gray's arguments, Plaintiff has sufficiently pled facts demonstrating it was reasonable for her not to consult with ODOC "BHS staff, doctors,

Ginger G. Mooney, OSB No. 031261
1017 May Street, Suite 200, Hood River, OR 97031
Telephone (541) 716-5650 ● Facsimile (503) 389-1585
contact@mooneylaw.org

[or] counselors, or lawyers" at the time of Gray's conduct.

In sum, Defendant Gray misconstrues, misrepresents, and ignores Plaintiff's allegations to argue that the running of the statute of limitations is apparent on the face of Plaintiff's complaint. However, the sum of Plaintiff's Complaint sufficiently pleads that her First and Second claims are not time-barred because the statute of limitations was tolled until March 2024. (ECF No. 1.)

Plaintiff has sufficiently pled that she reasonably did not discover that Gray's actions constituted abuse and were the cause of her mental and physical harm until March 2024. (ECF No. 1.) Unlike in *Doe v. Cty of Josephine*, this *is* a case where Plaintiff has pled that she "had 'no idea' that [she] had been harmed at the time of the abuse." *See* No. 1:12-CV-2080-CL, 2015 WL 2412181, at *6 n.5 (quotation and citations omitted). Further, although Plaintiff recognized that she was experiencing mental and physical distress during the time period after Gray's sexual abuse, unlike in *Wilson,* Plaintiff did not attribute her distress to Gray's abuse at that time. *See* No. 3:20-CV-2078-SI, 2021 WL 3779630, at *4-5. Accordingly, accepting all Plaintiff's factual allegations as true and construing them in the light most favorable to Plaintiff, Plaintiff has sufficiently pled that her First and Second claims are not time-barred. Gray's Motion to Dismiss Plaintiff's First and Second Claims for Relief on such grounds should be denied.

## II.    Plaintiff has adequately pled that her Sixth Claim for Relief is not time-barred.

Defendant Gray also argues that Plaintiff's Sixth Claim for Relief must be dismissed because as pled it is also time-barred by the applicable statute of limitations. (ECF No. 26 at pgs. 6-11.) However, Gray's arguments again rely on misconstruing, misrepresenting, and ignoring Plaintiff's allegations, and Plaintiff has sufficiently pled that her Sixth Claim is not time-barred.

Oregon's Tort Claims Act (OTCA) "establishes a uniform two-year statute of limitations

Ginger G. Mooney, OSB No. 031261
1017 May Street, Suite 200, Hood River, OR 97031
Telephone (541) 716-5650 ● Facsimile (503) 389-1585
contact@mooneylaw.org

that applies to all claims brought under the OTCA." *Sherman v. State by & through Dep't of Hum Servs*, 368 Or 403, 410 (2021); ORS 30.275(9). Under Oregon law, "a cause of action does not accrue . . . until the claim has been discovered or, in the exercise of reasonable care, should have been discovered." *FDIC v. Smith*, 328 Or 420, 428 (1999). A plaintiff must have a reasonable opportunity to become aware of all the claim's elements before a cause of action accrues: (1) harm; (2) causation; and (3) tortious conduct. *Gaston v. Parsons*, 318 Or 247, 255 (1994)); *see also Johnson v. Multnomah Co Dept Community Justice*, 344 Or 111, 118 (2008). Awareness does not require that plaintiffs "know to certainty that each particular element exists," only that there is a "substantial possibility" that each exists. *Gaston*, 318 Or at 255–56.

Delayed discovery of an injury can be reasonable when a plaintiff fails to realize until later that the conduct at issue was harmful or tortious. For example, in *Skille v. Martinez*, the plaintiff brought suit against the Oregon State Hospital (OSH) for her sexual abuse by an OSH employee while she was a patient resident. 288 Or App 207, 209, *adh'd to as modified on reconsideration*, 289 Or App 637 (2017). The tortious conduct ended in 2013, but the plaintiff did not bring her action until July 2014 after she learned that the OSH employee had been accused of abusing other patients. *Id.* The trial court dismissed the plaintiff's claims for failure to timely give tort claim notice. *Id.* at 209. The plaintiff alleged her delay was reasonable, as she did not discover the contact was harmful until she learned that the OSH employee had abused his custodial position to sexually abuse her and convince her that his conduct was acceptable, there were other patients he had abused, and he was going to be prosecuted. *Id.* at 212.

The Oregon Court of Appeals reversed. *Id.* The court found significant that the plaintiff alleged she had been "mentally ill, vulnerable, and confused," and the OSH employee had engaged

Ginger G. Mooney, OSB No. 031261
1017 May Street, Suite 200, Hood River, OR 97031
Telephone (541) 716-5650 ● Facsimile (503) 389-1585
contact@mooneylaw.org

in a "grooming process" and had "used his grooming process, the ability to manipulate his schedule to have alone time with [her], and his position of power . . . to engage in a sexually intimate relationship and to lead [her] to believe they were involved in a romantic relationship." *Id.* at 210, 212 (alteration omitted); *see also Doe 1 v. Lake Oswego Sch Dist*, 353 Or 321 (2013) (finding the defendant had conflated the question "of whether [the teacher's] alleged conduct was in fact offensive with the question of whether plaintiffs, as fifth-graders subjected to [the teacher's] grooming tactics, recognized or must be deemed to have recognized that fact when the touching occurred").

Delayed discovery of the causal link between a defendant's conduct and a plaintiff's injuries can also be reasonable depending on the circumstances. *See Jasmin v. Ross*, 177 Or App 210 (2001) (finding there was evidence from which a jury could find the delayed discovery of the causal link was reasonable where plaintiff's step-uncle had persuaded her that he cared deeply for her, she believed they were in love, and as an adult she experienced many psychological problems but thought they were caused by a failed romance rather than sexual abuse). Additionally, delayed discovery that a defendant's harmful conduct was tortious may be reasonable depending on the circumstances. *Doe 1*, 353 Or. at 332. Whether a person exercising reasonable care "would be aware of a substantial possibility of tortious conduct" depends upon the "nature of the harm suffered," the nature of the conduct causing the harm, and "other relevant circumstances." *Gaston*, 318 Or. at 256.

When a person in the exercise of reasonable care should have discovered an injury or the causal connection between an injury and a defendant's conduct is generally a question of fact for the jury. *See Minisce v. Thompson*, 149 Or App 746 (1997); *Hoeck v. Schwabe Williamson &*

Ginger G. Mooney, OSB No. 031261
1017 May Street, Suite 200, Hood River, OR 97031
Telephone (541) 716-5650 ● Facsimile (503) 389-1585
contact@mooneylaw.org

*Wyatt*, 149 Or App 607, 612 (1997). In the motion to dismiss context, the narrow question is "whether plaintiff has alleged facts that, if proven true, would permit a reasonable conclusion that she was unaware of the [harm, causation, and] tortious nature of [the defendant's] conduct at the time that it occurred." *See Skille*, 288 Or App at 219.

Herein, Defendant Gray argues that "Plaintiff knew or should have known there was a substantial possibility that each of the three elements (harm, causation, and tortious conduct) existed in 2018." (ECF No. 26 at pgs. 7-11.) However, to so argue, Defendant Gray again misconstrues, misrepresents, and ignores Plaintiff's allegations in her Complaint.

### A. Harm

To argue Plaintiff recognized in 2018 that she had been harmed by Defendant Gray's sexual abuse, Gray misconstrues, misrepresents, and ignores Plaintiff's same assertions discussed in detail above. (ECF No. 26 at pg. 7.) For the same reasons outlined above, Plaintiff has sufficiently pled that at the time she did not know Gray's actions constituted sexual abuse, and thus did not know she had been harmed, until March 2024. (ECF No. 1 at ¶ 20.)

Defendant also argues that "a reasonable person of ordinary prudence would have known that Plaintiff was harmed by Gray's alleged misconduct in 2018," because they would know there was "a substantial possibility that being forced to" masturbate in front of Gray under the circumstances Plaintiff and Gray were in "caused emotional and/or psychological harm." (ECF No. 26 at pg. 7.) As an initial matter, Defendant Gray confuses harm with causation.

Regardless, Plaintiff has sufficiently pled facts demonstrating that her failure to understand Gray's actions constituted sexual abuse was reasonable under her circumstances. Plaintiff was in a fragile mental state and had been effectively conditioned by Gray and CCCF/ODOC staff to

Ginger G. Mooney, OSB No. 031261
1017 May Street, Suite 200, Hood River, OR 97031
Telephone (541) 716-5650 ● Facsimile (503) 389-1585
contact@mooneylaw.org

believe that sexual incidents between staff and inmates were the fault of the inmate. (ECF No. 1 at ¶¶ 20, 51-58, 60-61.) A reasonably prudent person under these circumstances would not have known that Gray's actions constituted sexual abuse, i.e., that they had been harmed. *Cf. Skille*, 288 Or App 207; *Doe 1*, 353 Or 321. Accordingly, Plaintiff has sufficiently pled facts demonstrating that she did not know, nor would a reasonable person in the same circumstances have known, that she had been harmed by Defendant Gray's conduct until March 2024.

## B. Causation

To argue that Plaintiff knew in 2018 that Defendant Gray's sexual abuse had caused her emotional distress, Gray relies on the same misrepresentations of Plaintiff's assertions in ¶¶ 59 and 76 outlined and discussed above. However, Plaintiff has sufficiently pled that she did not know until March 2024 that Gray's actions, rather than her own, had caused her mental distress. (ECF No. 1 at ¶¶ 20, 59, 60-62.)

To argue that that Plaintiff should have known in 2018 that Gray's sexual abuse had caused her emotional distress, Gray misconstrues and takes out of context Plaintiff's assertion in ¶ 119 that "[t]he sexual abuse and harassment that Defendant Gray subjected Plaintiff to was certain to result in severe mental and emotional distress." (ECF No. 26 at pg. 8.) However, ¶ 119 addresses Gray's intent, not Plaintiff's knowledge at the time. (ECF No. 1 at ¶ 119.) That Gray, a corrections sergeant with training, knew that forcing Plaintiff to masturbate in front of him was certain to result in severe mental and emotional distress does not mean that a reasonably prudent person in Plaintiff's circumstances would have known the same.

Unlike Defendant Gray, Plaintiff was an inmate in a fragile mental state who had been effectively conditioned to believe that inmates were always at fault for sexual incidents with staff.

Ginger G. Mooney, OSB No. 031261
1017 May Street, Suite 200, Hood River, OR 97031
Telephone (541) 716-5650 ● Facsimile (503) 389-1585
contact@mooneylaw.org

(ECF No. 1 at ¶¶ 20, 51-58, 60-61.) A reasonably prudent person under these circumstances would have believed, as Plaintiff did, that any mental and emotional distress they experienced after the incidents was caused by their own actions, not by Gray's. Cf. *Jasmin*, 177 Or App 210. Accordingly, Plaintiff has sufficiently pled facts demonstrating that she did not know, nor would a reasonable person in the same circumstances have known, that Gray's sexual abuse had caused her emotional distress until March 2024.

### C. Tortious Conduct

Finally, Defendant Gray's arguments that Plaintiff knew or should have known in 2018 that Gray's conduct was tortious in nature again rely on the same misconstructions, misrepresentations, and omissions of Plaintiff's assertions which have been outlined and refuted above. (ECF No. 26 at pgs. 8-11.) Defendant Gray also again takes Plaintiff's assertions regarding what Gray knew, intended, and/or took advantage of and incorrectly attributes them to what a reasonably prudent person in Plaintiff's position would have known. (ECF No. 26 at pgs. 9, 11.)

To plead the tort of intentional infliction of emotional distress under Oregon law, a plaintiff must allege facts showing: (1) "the defendant intended to inflict severe mental or emotional distress" or "knows that such distress is certain, or substantially certain, to result from his conduct"; (2) "the defendant's acts "were the cause of the plaintiff's severe emotional distress;" and (3) "the defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct." *McGanty v. Staudenraus*, 321 Or 532, 543, 550-51 (1995) (quotations and citations omitted).

Contrary to Defendant Gray's arguments, Plaintiff has sufficiently pled that she did not know that all these elements existed, and that therefore Gray's actions were tortious, until March

Ginger G. Mooney, OSB No. 031261
1017 May Street, Suite 200, Hood River, OR 97031
Telephone (541) 716-5650 ● Facsimile (503) 389-1585
contact@mooneylaw.org

2024. (ECF No. 1 at ¶¶ 20, 51-62.) As outlined above, Plaintiff was an inmate in a fragile mental state, did not know that Gray's conduct constituted sexual abuse, did not connect any of her mental or emotional distress to anything but her own actions and time in segregation, and had been effectively conditioned to believe that inmates were always at fault for sexual incidents with staff. (ECF No. 1 at ¶¶ 20, 51-62.) A reasonably prudent person under these circumstances would also not have known Gray's actions were tortious until March 2024. *Cf. Skille*, 288 Or App 207; *Doe 1*, 353 Or 321; *Jasmin*, 177 Or App 210. Accordingly, Plaintiff has sufficiently pled facts demonstrating that she did not know, nor would a reasonable person in the same circumstances have known, that Gray's actions were tortious until March 2024. *See McGanty*, 321 Or at 543, 550-51.

For all the reasons outlined above, if Plaintiff's factual allegations are all accepted as true and construed in the light most favorable to her, Plaintiff has sufficiently pled that she did not discover, nor should she reasonably have discovered, her intentional infliction of emotional distress claim prior to March 2024. Accordingly, Plaintiff has sufficiently pled that her Sixth Claim for Relief is not time-barred. Gray's Motion to Dismiss Plaintiff's Sixth Claim for Relief on such grounds should be denied.

### III.    Plaintiff's First Claim for Relief is not barred by qualified immunity.

Finally, Defendant Gray also argues that Plaintiff's First Claim for Relief must be dismissed because Gray is entitled to qualified immunity. (ECF No. 26 at pgs. 12-15.) Gray argues that qualified immunity applies because the alleged constitutional violation was not clearly established at the time of Gray's wrongful conduct in 2018. (ECF No. 26 at pgs. 12-15.) However, Gray's arguments that forcing Plaintiff to masturbate did not violate a right that was clearly

Ginger G. Mooney, OSB No. 031261
1017 May Street, Suite 200, Hood River, OR 97031
Telephone (541) 716-5650 ● Facsimile (503) 389-1585
contact@mooneylaw.org

established in 2018 are without merit.

When evaluating whether a defendant is entitled to qualified immunity, a "court considers whether (1) the state actor's conduct violated a constitutional right and (2) the right was clearly established at the time of the alleged misconduct." *Gordon v. Cnty of Orange*, 6 F4th 961, 967-68 (9th Cir 2021) (quotations omitted). For a constitutional right to be clearly established, a court must define the right at issue with "specificity" and "not . . . at a high level of generality." *City of Escondido v. Emmons*, 139 S Ct 500, 503 (2019) (per curiam) (quotation omitted). However, "[t]he right should be defined in a way that is neither too general nor too particularized." *Gordon*, 6 F4th at 969 (quotation omitted).

"Qualified immunity is not meant to be analyzed in terms of a general constitutional guarantee, but rather the application of general constitutional principles in a particular context." *Id.* (quotation omitted). "On the other hand, casting an allegedly violated right too particularly, would be to allow the instant defendants, and future defendants, to define away all potential claims." *Id.* (quotation and alteration marks omitted); *see also Simon v. City of New York*, 893 F3d 83, 96-97 (2d Cir 2018) ("This task involves striking a balance between defining the right specifically enough that officers can fairly be said to be on notice that their conduct was forbidden, but with a sufficient measure of abstraction to avoid a regime under which rights are deemed clearly established only if the precise fact pattern has already been condemned." (citations and internal quotation marks omitted)).

"The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Jessop v. City of Fresno*, 936 F3d 937, 940–41 (9th Cir 2019). "[A] court must ask whether it would have been clear to a reasonable officer

Ginger G. Mooney, OSB No. 031261
1017 May Street, Suite 200, Hood River, OR 97031
Telephone (541) 716-5650 ● Facsimile (503) 389-1585
contact@mooneylaw.org

that the alleged conduct was unlawful in the situation he confronted." *Ziglar v. Abbasi*, 137 S Ct 1843, 1867 (2017) (quotation omitted). "While there does not have to be a case directly on point, existing precedent must place the lawfulness of the particular [action] beyond debate." *City of Escondido v. Emmons*, 139 S Ct 500, 504 (2019) (per curiam) (alteration in original).

Herein, prisoners had a clearly established right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, at the time of Defendant's Gray's sexual abuse and harassment of Plaintiff. *See Austin v. Terhune*, 367 F3d 1167, 1171. (9th Cir 2004). "A sexual assault on an inmate by a guard—regardless of the gender of the guard or of the prisoner—is deeply offensive to human dignity." *Schwenk v. Hartford*, 204 F3d 1187, 1197 (9th Cir 2000) (quotation omitted). Further, it was clear at the time of Gray's conduct that "[w]here guards themselves are responsible for the rape and sexual abuse of inmates, qualified immunity offers *no* shield." *Id.* (emphasis in original). The "Eighth Amendment right of prisoners to be free from sexual abuse was unquestionably clearly established . . . and no reasonable prison guard could possibly have believed otherwise." *See id.*

Defendant Gray's qualified immunity arguments rely on his assertion that Plaintiff only alleges that Gray sexually harassed her without any physical touch. (ECF No. 26 at pgs. 12-15.) However, Defendant Gray approaches the qualified immunity issue based on a faulty premise. It is true that the "Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment" without any physical touch. *See Austin*, 367 F3d at 1171. Yet Plaintiff does allege herein that sexual touching occurred. (ECF No. 1 at ¶ 73.) It is immaterial that the sexual touching was Gray forcing Plaintiff to touch herself rather than Gray touching Plaintiff. (ECF No. 1 at ¶ 73.)

Ginger G. Mooney, OSB No. 031261
1017 May Street, Suite 200, Hood River, OR 97031
Telephone (541) 716-5650 ● Facsimile (503) 389-1585
contact@mooneylaw.org

Although there was no caselaw in this circuit in 2018 specifically proclaiming that being forced to masturbate by a prison guard constitutes sexual abuse under the Eighth Amendment, in 2016 the United States District Court of the Central District of California indicated that "coerced masturbation" could be "harmful enough" to state an Eighth Amendment claim. *Richard v. Holtrop*, No. CV 15-5632-PA(E), 2016 WL 11520620, at *3 (CD Cal May 12, 2016). That court noted that "the Ninth Circuit may well take a different view than the Eleventh Circuit regarding whether coerced masturbation is 'harmful enough' to state an Eighth Amendment claim." *See Richard*, No. CV 15-5632-PA(E), 2016 WL 11520620, at *3. (relying on *Wood v. Beauclair*, 692 F3d 1041, 1050-51 (9th Cir 2012) (recognizing a presumption that sexual contact between a prisoner and a state official is not consensual; also citing with approval *Berry v. Oswalt*, 143 F3d 1127 (8th Cir 1998) in which the Eighth Circuit had deemed "harmful enough" a guard's propositioning of an inmate, sexual comments to the inmate, intrusion while the inmate was not fully dressed and attempts to perform nonroutine patdowns), and *Schwenk v. Hartford*, 204 F3d at 1196 ("the only requirement is that the [state official's] actions be offensive to human dignity")).

The district court also noted that the Ninth Circuit "has recognized that inmates with preexisting mental conditions may be able to state Eighth Amendment sexual harassment claims for conduct that is relatively non-invasive." *See Richard*, No. CV 15-5632-PA(E), 2016 WL 11520620, at *3 (citing *Jordan v. Gardner*, 986 F2d 1521, 1525-26 (9th Cir 1993)). Ultimately however, the court found that the plaintiff's had failed to state a cognizable claim because their "pleaded allegations [were] too lacking in factual clarity," in that they failed to "specify" anything the defendant "supposedly said or did to 'coerce' Plaintiff into masturbating" and did "not allege any facts suggesting Plaintiff was particularly vulnerable because of some preexisting mental

Ginger G. Mooney, OSB No. 031261
1017 May Street, Suite 200, Hood River, OR 97031
Telephone (541) 716-5650 ● Facsimile (503) 389-1585
contact@mooneylaw.org

condition." *See id.* at *4.

However, by 2018 a court in the Sixth Circuit had specifically held that a prison guard forcing an inmate to expose herself and masturbate violated the prisoner's clearly established rights. *See Rafferty v. Trumbull Cnty, Ohio*, No. 4:16CV430, 2017 WL 5574179, at *4 (ND Ohio Nov 20, 2017), *aff'd,* 758 F App'x 425 (6th Cir 2018), and *aff'd,* 915 F3d 1087 (6th Cir 2019). That court found the defendant's arguments that he did not violate the Eighth Amendment because he did not physically touch the inmate were unavailing because "this case included touching." *See id.* at *4. The court reasoned "[t]hat [the defendant] did not touch her himself is of no moment, because [the plaintiff] testified that she only revealed her breasts and masturbated at [the defendant's] request[, a] request she, an inmate, felt she could not refuse." *See id.*

The court went on to find that the defendant had violated a clearly established right, because "[i]t is clearly established that sexual abuse is impermissible." *See id.* at *6 (citing *Schwenk*, 204 F3d at 1197). The court reasoned:

> Although [the defendant] may quibble over the characterization of his conduct as sexual abuse, the facts, viewed in a light most favorable to [plaintiff], demonstrate that [she] only masturbated and revealed her breasts due to [the defendant's] control over her. Any reasonable prison official would understand that he has no authority to command an inmate to engage in sexual acts.

*See id.*

Then in 2020, the Ninth Circuit finally announced a definition of "sexual assault" for Eighth Amendment purposes:

> We now hold that prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or

Ginger G. Mooney, OSB No. 031261
1017 May Street, Suite 200, Hood River, OR 97031
Telephone (541) 716-5650 ● Facsimile (503) 389-1585
contact@mooneylaw.org

for the purpose of humiliating, degrading, or demeaning the prisoner.

*Bearchild v. Cobban*, 947 F3d 1130, 1144 (9th Cir 2020). Courts in this circuit have since made clear that forcing a prisoner to masturbate themselves is a colorable sexual abuse claim under the Eighth Amendment, at least under preliminary screening standards. Further, these courts have done so by relying on caselaw and legal standards that were clearly established before 2018.

In a District Court of the Southern District of California case, the plaintiff alleged that in 2019-2020 the defendant had verbally forced plaintiff to masturbate and insert his finger into his own penis by threatening to assault plaintiff and take him to segregation. *See Matheis v. CDCR*, No. 3:20-CV-02100-GPC-AHG, 2021 WL 37719, at *2-3 (SD Cal Jan 5, 2021). Relying only on pre-2018 caselaw and legal standards, the court found that the plaintiff had asserted a plausible Eighth Amendment claim sufficient to withstand preliminary screening. *See id.* at *4.

Additionally, in a District Court of Nevada case, the plaintiff alleged that the defendant ordered him to masturbate in front of the defendant before he would be allowed to make a phone call. *See Hill v. Rodriguez*, No. 220CV02361JADDJA, 2021 WL 8016906, at *3 (D Nev Dec 6, 2021). Relying on pre-2018 caselaw and *Bearchild*, the court found that the plaintiff's claim could proceed. *See id*. Further, the court clarified that the defendant ordering the plaintiff to masturbate "is not verbal sexual harassment, rather it amounts to a clear offense to [the plaintiff's] human dignity as prohibited by the cruel-and-unusual-punishment clause of the Eighth Amendment." *See id*.

Herein, Plaintiff's right to be free from forced masturbation was clearly established at the time of Defendant Gray's conduct in 2018. The Eighth Amendment right of prisoners to be free from sexual abuse was clearly established, "and no reasonable prison guard could possibly have

Ginger G. Mooney, OSB No. 031261
1017 May Street, Suite 200, Hood River, OR 97031
Telephone (541) 716-5650 ● Facsimile (503) 389-1585
contact@mooneylaw.org

believed otherwise." *See Austin*, 367 F3d at 1171; *Schwenk*, 204 F3d at 1197. Although in 2018 there was no caselaw in this circuit specifically stating that forced masturbation constitutes sexual abuse under the Eighth Amendment, at least one court in this circuit had indicated that it potentially could. *See Richard*, No. CV 15-5632-PA(E), 2016 WL 11520620, at *3. Unlike the plaintiff in that case, Plaintiff herein has specifically pled what Defendant Gray did to coerce her into masturbating and has alleged facts showing Plaintiff was particularly vulnerable due to her mental state. *Compare id.* at *4 *with* (ECF No. 1).

Additionally, prior to 2018, at least one court in another circuit had held that a prison guard forcing an inmate to masturbate violated the prisoner's clearly established Eighth Amendment rights, forcing an inmate to masturbate constitutes sexually abusive "touching," and "[a]ny reasonable prison official would understand that he has no authority to command an inmate to engage in sexual acts." *See Rafferty*, No. 4:16CV430, 2017 WL 5574179, at *4, 6. Courts in this circuit have since found similarly and have done so by relying on caselaw and legal standards from this circuit that were clearly established by 2018. *See Hill*, No. 220CV02361JADDJA, 2021 WL 8016906, at *3; *Matheis*, No. 3:20-CV-02100-GPC-AHG, 2021 WL 37719, at *2-4.

Finally, it is absurd for Defendant Gray to argue that he would not have clearly understood in 2018 that he had no authority to command Plaintiff to masturbate in front of him. *See Ziglar*, 137 S Ct at 1867; *Rafferty*, No. 4:16CV430, 2017 WL 5574179, at *6. Accordingly, Gray's arguments that forcing Plaintiff to masturbate did not violate a right that was clearly established in 2018 are without merit. Defendant Gray is thus not entitled to qualified immunity, and his Motion to Dismiss Plaintiff's First Claim for Relief on such grounds should be denied.

/ / /

Ginger G. Mooney, OSB No. 031261
1017 May Street, Suite 200, Hood River, OR 97031
Telephone (541) 716-5650 ● Facsimile (503) 389-1585
contact@mooneylaw.org

## CONCLUSION

For all the reasons outlined above, Defendant Gray's arguments for dismissal of Plaintiff's First, Second, and Sixth Claims for Relief are without merit, and Plaintiff respectfully requests the Court deny Defendant Gray's Motion to Dismiss. Alternatively, should the Court find that Plaintiff failed to adequately plead her First, Second, and/or Sixth Claims for Relief against Defendant Gray, Plaintiff requests that the Court identify the areas of deficiency and grant Plaintiff an opportunity to amend her complaint.

DATED this 5th day of September, 2025.

Respectfully submitted,

s/ Ginger G. Mooney
Ginger G. Mooney, OSB No. 031261
Attorney for Plaintiff

Ginger G. Mooney, OSB No. 031261
1017 May Street, Suite 200, Hood River, OR 97031
Telephone (541) 716-5650 ● Facsimile (503) 389-1585
contact@mooneylaw.org

**CERTIFICATE OF SERVICE**

I certify that I served a copy of **PLAINTIFF'S RESPONSE TO DEFENDANT LEVI GRAY'S MOTION TO DISMISS** on counsel for the Defendants by eService their last known email addresses:

Jessica Spooner, Counsel for State Defendants
1162 Court Street NE
Salem, OR 97301
jessica.spooner@doj.state.or.us

Jon W. Monson, Brian S. Epley, and James T. Plunkett, Counsel for Defendant Levi Gray
1455 SW Broadway, Suite 1500
Portland, OR 97201
jmonson@cablehuston.com
bepley@cablehuston.com
jplunkett@cablehuston.com

I further certify that I served a copy of these documents on the defendants at by placing a certified copy in a sealed envelope in the mail in Hood River, Ore., to their last known address as indicated above.

All service was made pursuant to pursuant to FRCP 5(a)(1).

DATED this 5th day of September, 2025.

Respectfully submitted,

s/ Ginger G. Mooney
Ginger G. Mooney, OSB No. 031261
Attorney for Plaintiff

Ginger G. Mooney, OSB No. 031261
1017 May Street, Suite 200, Hood River, OR 97031
Telephone (541) 716-5650 ● Facsimile (503) 389-1585
contact@mooneylaw.org